# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:21-cv-00190-TES |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHONDRE D. PITTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFAULT JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT SHONDRE D. PITTS

THIS MATTER is before the Court upon consideration of the United States' Motion for Default Judgment of Permanent Injunction Against Defendant Shondre D. Pitts ("Pitts"). The Court has reviewed the Motion, and finds as follows:

Pitts was served with a copy of the Summons and Complaint filed herein. (*See* ECF No. 4). Pitts has failed to file an appropriate Motion or responsive pleading within the time prescribed by the Federal Rules of Civil Procedure. The Clerk of Court has entered default pursuant to Fed. R. Civ. P. 55(a) against Pitts.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

1

2. Plaintiff United States of America's Motion is hereby **GRANTED**.

3. Based upon the allegations in the United States' Complaint, which are deemed admitted, the Court finds that Pitts has repeatedly and continually engaged in conduct:

> a. that is subject to penalty under 26 U.S.C. §§ 6694 and 6695 and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;
>
> b. that is subject to penalty under 26 U.S.C. § 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct; and
>
> c. that substantially interferes with the proper enforcement and administration of the internal revenue laws.

4. The Court further finds that injunctive relief against Pitts is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. § 7402(a). Pitts has repeatedly prepared fraudulent tax returns and unlawfully interfered with the enforcement of the Internal Revenue laws by preparing false and fraudulent federal income tax returns that claim fabricated deductions and expenses.

5. The Court further finds that Pitts' conduct has been continual and repeated and that an injunction against only the prohibited conduct would be insufficient to prevent Pitts' interference with the proper administration of the internal revenue

laws. Given the length of time that Pitts has been preparing returns and the level of scienter that can be inferred from the conduct alleged in the complaint, a complete prohibition is necessary to ensure that Pitts does not prepare additional returns with false claims.

6. The Court further finds that injunctive relief is appropriate because unless enjoined Pitts is likely to continue to engage in prohibited conduct; that the United States will suffer irreparable harm if Pitts' conduct is allowed to continue; that remedies available at law such as monetary damages are inadequate to compensate the United States for its irreparable injuries; and that considering the balance of hardships, and that Pitts will not be harmed at all by being required to comply with the law, equities favor entry of this injunction.

Pursuant to Fed. R. Civ. P. 65 and the above findings, Pitts and anyone in active concert or participation with him are **PERMANENTLY ENJOINED** pursuant to I.R.C. §§ 7402(a), 7407 and 7408 from directly or indirectly:

>    a. acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than himself;
>
>    b. preparing, filing, and assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that

understate federal tax liabilities or overstate federal tax refunds based on positions he knows or reasonably should know are unreasonable;

c. engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

d. owning any interest in or profiting from any business or entity engaged in tax return preparation; or

e. engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**IT IS FURTHER ORDERED** that Pitts at his own expense shall:

a. contact, by regular mail or email, all persons for whom he has prepared a federal tax return since 2018 to inform them of the permanent injunction entered against Pitts and provide them with a copy of this injunction (including no other documents or enclosures unless agreed to by counsel for the United States or approved by the Court);

b. surrender to the Secretary of the Treasury or his delegate any and all PTINs held by, assigned to, or used by Pitts pursuant to 26 U.S.C. § 6109, and the EFINs held by, assigned to, or used by Pitts;

c. prominently post a copy of the injunction in Pitts' place of business where tax returns are prepared by Pitts;

d. deliver a copy of the injunction to Pitts' employees, contractors, and vendors;

e. file a sworn statement with the Court evidencing Pitts' compliance with the foregoing directives or provide a sworn statement to Counsel for the United States to be filed with the Court within forty-five days of entry of the final injunction in this action; and

f. keep records of Pitts' compliance with the foregoing directives, which may be produced to the Court if requested, or to the United States;

**IT IS FURTHER ORDERED** that the Internal Revenue Service is authorized to revoke immediately any PTIN or EFIN held by, assigned to, or used by Pitts.

**IT IS FURTHER ORDERED** that the United States may monitor Pitts' compliance with the injunction, and engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this action to enforce this injunction.

**DONE AND ORDERED** in Chambers at _____ Macon, Georgia this \_\_\_**21**\_\_\_ day of \_\_**Spt.**_____, 2021.

_____
TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE